IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST David A. LENON, Attorney at Law.

Supreme Court

*No. 80–1789–D. Filed January 5, 1982.*
(Also reported in 314 N.W.2d 118.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

On October 1, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that David A. Lenon, an attorney admitted to practice in this state in 1974 and who practices in Lake

Geneva, engaged in unprofessional conduct by failing to appear in court at the scheduled time on behalf of a client whom he was representing on a traffic offense, failing to respond to written inquiries from the Board in connection with its investigation of the grievance filed by that client and failing to furnish a written response to the Board following its request for information concerning a grievance filed against him by another client. Following referral of the matter by the court to the Hon. Robert D. Hansen as referee pursuant to SCR 21.09 (4) (1980), the Board filed an amended complaint and, subsequently, a second amended complaint in which it alleged, in addition to the allegations of the original complaint, that the respondent was guilty of unprofessional conduct by misrepresenting to his client in the traffic matter that he had appeared in court, when in fact he had not, and misrepresenting to the client information concerning her driving privileges and refusal to take a breathalyzer test, by practicing under the name of a Lake Geneva law firm of which he had never been a member, by failing to file an effective lien on behalf of a client and failing to communicate with that client concerning the matter, by failing to name expert witnesses within the time set by the court in an action he filed on behalf of his clients and by failing to respond to Board inquiries in connection with its investigation of the matter.

The respondent filed an answer to the second amended complaint in which he denied telling his client in the traffic matter that he had appeared in court on her behalf and that he made any intentional misrepresentations to her, denied that he failed to respond to the Board inquiries concerning the matter, denied that he failed to respond to the Board in the unrelated matter, alleged that in the use of the law firm name there had been a continuing professional relationship between himself and

the surviving attorney in that firm and that upon that attorney's death he had purchased the physical assets of the firm and the right to use the firm name, denied that he failed to represent adequately his clients' interests in the litigation in which he failed to name expert witnesses and denied that he intended to impede the Board's investigation, alleging that a number of unspecified extenuating circumstances caused his failure to respond to the Board's inquiries.

Hearing was held before the referee on April 27, 1981, and May 27, 1981. The referee filed his report with the court on September 18, 1981, in which he found that the respondent failed to appear in the traffic case, which constituted neglect of a legal matter entrusted to him, in violation of SCR 20.32(3), that he filed a claim for lien but that it was not accompanied by a required statement, was not docketed and was returned to his office, all to the detriment of his clients' interests, constituting neglect of a legal matter in violation of SCR 20.32(3), and that he failed to secure or name expert witnesses, which worked to the disadvantage of his clients, thereby constituting neglect of a legal matter in violation of SCR 20.32(3). The referee noted that the respondent had no prior censure by the Board or by the court and that the three acts of negligence occurred during a period when the respondent had undertaken work on uncompleted cases for a Lake Geneva law firm, which constituted a heavy workload for a sole practitioner. As to the allegation of practicing under a law firm name in violation of SCR 20.08(2), which prohibits a lawyer from practicing under a name that is misleading as to the identity of the lawyers practicing under the name,[1] the referee made

[1] SCR 20.08(2) provides, in pertinent part: "A lawyer in private practice may not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under the name, or a firm name containing names other than

no findings and conclusions, leaving the issue to the court for determination. The only finding of the referee concerning the respondent's failure to respond to Board inquiries concerned his failure to name expert witnesses, which the referee likened to a plea of *nolo contendere* by which the respondent admitted the failure. The referee recommended that the respondent be reprimanded and be required to pay the costs of the disciplinary proceeding, stating that a suspension of his license could not be justified as an appropriate sanction for three acts of negligence "even though each had consequential adverse effects upon the three complainants involved" unless the three acts established a pattern of conduct by the respondent which is likely to continue.

By order of November 9, 1981, we requested the respondent and counsel for the Board to file briefs on the issue of whether the respondent's practicing under the law firm name constituted a violation of SCR 20.08(2) and SCR 20.04(4)[2] and on the question of the appropriateness of the recommended discipline to the unprofessional conduct of the respondent. Because the referee made no findings and conclusions as to it, we do not address the issue of the respondent's practicing under the name of a firm of which he was not a member or associate.

On the question of the appropriateness of the recommended discipline, the respondent argues that the reprimand recommended by the referee is appropriate because this is his first contact with a disciplinary proceeding and because at the time during which the misconduct occurred he was under heavy work-related pressure as

---

those of one or more of the lawyers in the firm, except that . . . if otherwise lawful a firm may use as, or continue to include in, its name the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a continuing line of succession. . . ."

[2] SCR 20.04(4) provides: "A lawyer shall not: Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

a result of his taking on increased work from the Lake Geneva law firm following the death of its surviving member. The Board believes the public reprimand is inappropriate because three clients of the respondent suffered losses due to his negligent conduct. It argues that a reprimand in this matter will not serve to deter other attorneys from engaging in like conduct which might have severe consequences to their clients. The Board also takes the position that the respondent's failure to respond to its inquiries concerning his failure to name expert witnesses is a violation of SCR 22.07(2). The Board suggests that a six-month suspension of the respondent's license to practice law would be appropriate discipline in this matter.

We hereby adopt the findings and conclusions of the referee, but because of the serious nature of the respondent's unprofessional conduct, we believe that a sanction more severe than a public reprimand is warranted.

It is ordered that the license of David A. Lenon to practice law in Wisconsin is suspended for a period of 60 days, commencing February 1, 1982.

It is further ordered that on or before April 1, 1982, David A. Lenon pay the costs of this proceeding in the amount of $2,762.91 to the Board of Attorneys Professional Responsibility, provided that if the costs are not paid by that date, the respondent's license to practice law in Wisconsin shall be forthwith suspended.